**State of Vermont**
**Superior Court—Environmental Division**

===================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
===================================================================

**ANR v. Persons & Trust A of Timothy Persons,**                    **97-6-10 Vtec**

Title: Motion to Stay, filed after appeal to Vermont Supreme Court (Filing No. 6)

Filed: October 22, 2012

Filed By: Respondent Timothy Persons and Respondent Trust A of Timothy Persons

Response in Opposition filed on 11/01/12 on behalf of the Agency of Natural Resources

___ Granted                    _X_ Denied              ___ Other

On August 2, 2012, this Court issued its Merits Decision in the above-referenced environmental enforcement action which generally upheld the administrative order issued on May 24, 2010 ("Administrative Order") by the Vermont Agency of Natural Resources ("ANR") against Respondents Timothy Persons and Trust A of Timothy Persons (hereinafter collectively referred to as "Respondents"). In particular, the Court ordered Respondents to pay a penalty of $14,222.00 and affirmed the injunctive directives contained in the Administrative Order.

Respondents thereafter appealed this Court's Merits Decision to the Vermont Supreme Court. By virtue of Respondents' appeal, Respondents' obligation to pay the assessed penalties was stayed, but not the "operation" of the Administrative Order. 10 V.S.A. § 8013(d); V.R.E.C.P. 4(d)(6)(B). We interpret these statutory and Rule provisions to mean that work directives contained in the Administrative Order were not subject to an automatic stay.

Respondents first sought a stay from the Vermont Supreme Court of the work directives contained in the Administrative Order. The Supreme Court denied the requested stay, but allowed Respondents to seek a stay from this Court, which could then be reviewable by the Supreme Court in the course of considering Respondents' appeal. ANR v. Persons, et. al., No. 2012-274, slip op. at 1–2 (Vt. Oct. 12, 2012)(unpub. mem.)

Respondents then filed a motion for stay with this Court, to which ANR objects. For the reasons below, we decline to issue the requested stay.

Respondents present two arguments in support of the pending motion for stay. First, Respondents assert that by affirming the work directives in the Administrative Order, this Court acted *contrary* to a subsequent ANR directive that was contained in ANR's post-trial memorandum. Second, Respondents assert that a stay is warranted while their Supreme Court appeal is pending because "ANR did not provide proof of or demonstrate any actual impact of the alleged harm to the environment, even though at the time of trial the waterline and spring tiles had been in place for almost five years." Respondents' Motion for Stay at 3 (filed Oct. 22, 2012).

This environmental enforcement action centers on Respondents' installation of water lines and three spring well structures (known as "spring tiles") within a secondary wetland

governed by the Vermont Wetlands Protection and Water Resources Management laws (10 V.S.A., Chapter 37) and the Vermont Wetland Rules. No construction work or other development activities are allowed within protected wetlands without first receiving a conditional use determination ("CUD") from ANR that authorizes the anticipated work. Respondents and their agents installed the water lines and spring tiles within protected wet areas on their properties, cleared trees and brush in a large swath, did other excavation work, including bringing in gravel and other fill, and installed electrical lines and fixtures, within a protected wetland on their property, all without seeking guidance or obtaining a CUD from ANR officials. Mr. Persons' activities were particularly egregious because he had previously admitted to violating the Vermont Wetlands laws, paid a fine for doing so, and completed a wetlands education course.

Respondents are correct that ANR suggested in its post-trial memorandum that the removal of the last ten feet of waterlines, as they enter the unpermitted spring tiles, may actually cause further disturbances in the protected wetland areas. But this suggestion in ANR's post-trial filing did not supersede the corrective work directives in the Administrative Order. In fact, those directives were affirmed by this Court in its Merits Decision, which the Court is authorized to do when considering a challenge to an administrative order. 10 V.S.A. § 8012(b)(2)( establishing that this Court has the authority to "affirm, or vacate and remand to the secretary an [administrative] order"). The Court considered the parties' post-trial filings in making its Merits Decision determinations, including ANR's suggestion that the removal of ten feet of the water lines nearest to the spring tiles may cause further disturbances to the protected wetlands. In light of all the evidence presented, the Court concluded that an affirmation of the Administrative Order was warranted. We do not understand how ANR's legal arguments, already considered and ruled upon by the Court, are a factor in determining whether we should now issue the stay that Respondents request.

Respondents' second argument is equally unavailing. First, we are less than willing, given the evidence heard at trial, to rely upon Respondents' current assessment that their and their agents' activities did not actually cause environmental harm. Nor do we understand that the applicable statutory provisions obligate ANR to show that actual environmental harm has occurred when it seeks to enforce an environmental protection law. ANR's principal burdens at trial were to show that the areas Respondents disturbed were protected by the Wetlands Protection laws and Rules and that Respondents had no authority to cause these wetland disturbances. ANR convincingly persuaded the Court of these facts and Respondents have not made any showing now that our trial determinations are likely to be disturbed on appeal. Respondents performed significant excavation and construction work within a protected wetland area without first securing a required CUD. They conducted this work to improve the water supply resources for their properties, presumably to increase the value of their undeveloped properties.

Respondents have not provided any factual or legal foundation for this Court to issue the stay they request. We must therefore **DENY** Respondents' request. In light of this ruling, jurisdiction over this matter is now returned to the Vermont Supreme Court.

_____  _____November 16, 2012_____
Thomas S. Durkin, Judge  Date

============================================================================

Date copies sent: _____                                    Clerk's Initials: _____

Copies sent to:

  Attorney John Zaikowski, co-counsel for Petitioner Agency of Natural Resources

  Attorney Kyle H. Landis-Marinello, co-counsel for Petitioner Agency of Natural Resources

  Attorney Paul S. Gillies for Respondents Timothy Persons and Trust A of Timothy Persons

  Clerk, Vermont Supreme Court.